Fremont-Smith, Thayer, J.
This is an action arising out of an incident that occurred while Marianne Sisko (“Sisko”) was a resident at a skilled nursing facility by the name of SunBridge Care and Rehabilitation for Millbury following a stroke in 2002. The plaintiff has named the following parties as defendants: Worcester Nursing Center, Inc. a/k/a SunBridge Care and Rehabilitation for Millbury (“WNC”) (the facility itself); SunBridge Healthcare Corp.; and Sun Healthcare Group, Inc., the parent holding company of WNC and SunBridge Healthcare Corp. SunBridge Healthcare Corp. and Sun Healthcare Group now move to dismiss the complaint on the basis that the court lacks personal jurisdiction over them.
DISCUSSION
Legal Test
G.L.c. 223, §3 permits a Massachusetts court to exercise personal jurisdiction as to a cause of action “arising from” the person’s transacting any business in this Commonwealth. The cause of action alleged is defendants’ inadequate supervision of the plaintiff resulting in her undetected choking on food while in her room at the Worcester Nursing Center.
The question of whether Sisko’s alleged injuries arose out of some contact she had with SunBridge Healthcare Corp. or Sun Healthcare Group requires an analysis of whether SunBridge Healthcare Corp. and Sun Healthcare Group’s relationship with WNC at the time of the incident were such as to justify disregard of their separate corporate entities. A corporation controlling another “may become subject to civil or criminal liability on principles of agency or of causation” in certain circumstances. As stated in My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 619 (1968):
Although common control of the stock of two or more corporations together with common management, standing alone, will not give rise to liability on the part of one corporation for the acts of another corporation and its employees, additional facts may be such as to permit the conclusion that an agency or similar relationship exists between the entities. Particularly is this true (a) when there is active and direct participation by the representatives of one corporation, apparently exercising some form of pervasive control, in the activities of another and there is some fraudulent or injurious consequence of the intercorporate relationship, or (b) when there is a confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities, or serious ambiguity about the manner and capacity in which the various corporations and their respective representatives are acting.
More recently, the SJC has enumerated twelve factors to be considered in evaluating whether the separate *372 corporate entity should be disregarded. Attorney General v. M.C.K., Inc., 432 Mass. 546, 557 (2000). They are:
(1) common ownership; (2) pervasive control; (3) confused intermingling of business assets: (4) thin capitalization; (5) nonobservance of corporate formalities; (6) absence of corporate records; (7) no payment of dividends; (8) insolvency at the time of the litigated transaction; (9) siphoning away of corporation’s funds by dominant shareholder; (10) non functioning of officers and directors; (11) use of the corporation for transactions of the dominant shareholders; and (12) use of the corporation in promoting fraud.
Id., citing Pepsi-Cola Metro. Bottling Co. v. Checkers, Inc., 754 F.2d 10, 14-16 (1st Cir. 1985).
SunBridge Healthcare Corp.
The plaintiffs evidence falls short of demonstrating that any contact SunBridge Healthcare Corp. had with Sisko’s care gave rise to her alleged injuries. SunBridge Healthcare Coip., like WNC, is a subsidiary of Sun Healthcare Group and does business in Massachusetts, but there is insufficient evidence to support a conclusion that SunBridge Healthcare Corp. played any role in the care or treatment decisions that were made at WNC. Despite the plaintiffs evidence that the three corporations shared the same parent company, many of the same officers and the same corporate address, “common control of the stock of two or more corporations together with common management, standing alone, will not give rise to liability on the part of one corporation for the acts of another corporation and its employees.” My Bread Baking Co., 353 Mass. at 619. In the absence of additional facts that would permit a determination that an agency or similar relationship existed between the corporations, this evidence is insufficient. Id. While it is true that SunBridge Healthcare Corp. operates skilled nursing facilities in Massachusetts, they did not operate the facility at which Sisko’s incident occurred. The plaintiff has failed to present any evidence that SunBridge Healthcare Corp. was involved in pervasive control or confused intermingling with WNC, and has not demonstrated sufficient grounds to warrant disregarding the corporate formalities. Hence, the Longarm Statute is not satisfied and the Court cannot retain personal jurisdiction over SunBridge Healthcare Corp.
Sun Healthcare Group
The plaintiffs case for finding personal jurisdiction over Sun Healthcare Group, WNC’s parent holding company, is stronger than her case for finding personal jurisdiction over SunBridge Healthcare Corp., but still falls short. As with SunBridge Healthcare Corp., WNC and Sun Healthcare Group share common ownership, corporate officers and counsel in this litigation, but those similarities alone are not enough to warrant disregarding the corporate formalities and there is no evidence of any control exercised by Sun Healthcare Group over Worcester Nursing Center, Inc. There is evidence in the form of an insurance contract taken out by Sun Healthcare Group which indicates insurance coverage to its employees, but no schedule of insured locations is attached. There is nothing in the insurance contract submitted to the court which indicates that it provided coverage to WNC or its employees. In short, the plaintiff has produced no evidence of any of the twelve factors listed by the SJC in M.C.K., Inc., 432 Mass. at 557, except one (common ownership) and thus fails to satisfy her burden of demonstrating personal jurisdiction over Sun Healthcare Group.
ORDER
For the above reasons and the additional reasons stated in defendants’ memorandum in support, and in the affidavit of Sean A. Bernard, the motions of Sun-Bridge Healthcare Corporation and Sun Healthcare Group, Inc. to dismiss is ALLOWED.